```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  MONICA E. TAIT
    Assistant United States Attorney
 6  California Bar Number 157311
    P. GREG PARHAM
 7  Assistant United States Attorney
    California Bar Number 140310
 8  Asset Forfeiture Section
         United States Courthouse, 14TH Fl.
 9       312 North Spring Street
         Los Angeles, California 90012
10       Telephone: (213) 894-2931, -6528
         Facsimile: (213) 894-7177
11       E-mail: Monica.Tait@usdoj.gov
                 Greg.Parham@usdoj.gov
12  Attorneys for Plaintiff
    United States of America
13
```

FILED
CLERK, U.S. DISTRICT COURT

FEB 15 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AN INTEREST IN THE REAL PROPERTY LOCATED AT 2101 LINCOLN BLVD., LOS ANGELES, CALIFORNIA,<br><br>　　　　Defendant.<br>_____<br><br>SOHEYLA NAIMI,<br><br>　　　　Claimant.<br>_____ | NO. CV 05-5353 SVW (PJWx)<br><br>(~~Proposed~~)<br>AMENDED JUDGMENT FORFEITING AN INTEREST IN PROPERTY TO THE UNITED STATES OF AMERICA |

Based on the evidence and stipulations admitted at the trial of this case, the jury's Special Verdicts dated July 14, 2010 finding that claimant Soheyla Naimi is not an innocent owner of the portion of the subject real property that was purchased with money traceable to structuring in violation of 31 U.S.C. § 5324(a)(1) and (3), and the court's Order Granting Claimants' Motion to Mitigate Forfeiture under the Excessive Fines Clause of the Eighth Amendment ("Mitigation Order"), filed January 14, 2011,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff United States of America filed this action on July 25, 2005 against an interest in the real property located at 2101 Lincoln Blvd., Los Angeles California (the "Subject Property"). The legal description of the Subject Property is:

> LOTS 1, 2, 3, AND 4 IN BLOCK "B" OF VENICE GATEWAY, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 161 MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
>
> EXCEPTING THEREFROM, ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF 300 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED DECEMBER 15, 1964 AS INSTRUMENT NO. 4957 AND APRIL 26, 1968 AS INSTRUMENT NO. 4152, BOTH OF OFFICIAL RECORDS.

2. Plaintiff United States of America has notified other potential claimants of this action pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure by publishing notice of these actions in a newspaper of general circulation as required by then-applicable law.

3. The only person who filed a claim and answer in this action to contest the forfeiture of the interest in the Subject Property was Soheyla Naimi. No other claims or answers were filed, and the time for filing claims and answers has expired. All other potential claimants to the interest in the Subject Property are deemed to have admitted the truth of the allegations of the complaints.

4. The previously-entered Judgment in this matter was rendered in favor of the United States of America in the amount of $685,520.00, which represents the current value of the forfeited interest in the Subject Property. The prior judgment is hereby amended by reducing the dollar amount by 25% in accordance with the Mitigation Order. Therefore, Judgment is hereby entered in this matter in favor of the United States of America in the amount of $514,140.00. The Subject Property is forfeited and condemned to the United States to the extent of $514,140.00.

5. All right, title, and interest of Soheyla Naimi, and all other potential claimants, in the forfeited interest in the Subject Property is hereby condemned and forfeited to the United States of America. The Internal Revenue Service-Criminal Investigation shall dispose of the forfeited interest in the Subject Property in accordance with law.

6. Soheyla Naimi may satisfy the judgment entered herein by delivering $514,140.00 to the United States (the "Liquidation Payment") by no later than the close of business on the 180th calendar day after the latter of (i) entry of this judgment by the district court, or (ii) if claimant appeals this judgment,

the issuance of a mandate by the Ninth Circuit Court of Appeals affirming this judgment or dismissing the claimant's appeal. *Provided*, if claimant needs additional time to obtain a loan for the purpose of paying the Liquidation Amount, claimant may prepay to the United States 10% of the amount of the judgment in the manner set forth in paragraph 6(a) in order to extend by 90 days the time for payment of the Liquidation Amount, subject to counsel for the government consenting to such extension. Consent described in this paragraph will not be unreasonably withheld.

      a.    The Liquidation Payment shall be paid in the form of a cashiers check payable to "United States Treasury," and shall be delivered to the Chief, Asset Forfeiture Section, United States Attorney's Office, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012.

      b.    Claimant may use the defendant property as security for a new loan to finance the Liquidation Payment, subject to the approval of counsel for the United States. Until the Liquidation Payment is made in full, all escrow instructions and settlement statements relating to any proposed loan transaction involving the Subject Property shall also be subject to the approval of counsel for the United States. Approvals described in this paragraph will not be unreasonably withheld.

      c.    Not later than three (3) days prior to the anticipated close of an escrow that (i) has been previously approved by counsel for the United States, and (ii) will result in the payment in full to the United States of the Liquidation Payment, the United States shall deliver to the escrow agent a

conditional withdrawal of its lis pendens recorded against the defendant property. This conditional withdrawal may be recorded only if the Liquidation Payment is received and paid in full to the United States in accordance with this paragraph 6;

   d. Until the full Liquidation Payment is paid (or, if paragraph 7 is triggered, until the property is sold), and throughout the period of any appeal of this judgment:

   (i) Soheyla Naimi will not take any action to affect the marketability of the defendant property, and will maintain it in substantially the same condition as it was on September 24, 2010;

   (ii) Claimant shall acquire and maintain valid casualty and fire insurance equal to the full replacement cost of the Subject Property and all improvements thereon, including policies covering liability to persons injured on the Subject Property. By not later than 30 days after entry of this judgment, claimant shall arrange for a rider to all the above mentioned policies naming the United States of America as a loss payee and additional insured, and shall deliver copies of the insurance policies and riders described in this subparagraph to counsel for the United States within ten days of execution. Claimant shall hold the United States harmless for any and all claims against the United States arising out of the injury to persons on the Subject Property, except as directly caused by an agent of the United States of America;

   (iii) Claimant shall pay all property taxes when due, and shall not commit waste of the defendant property or permit the property to be used or occupied in any manner which

would diminish the value of the property or invalidate any insurance policy on the property;

(iv) Claimant shall not convey, sell, lease, encumber, remodel, or allow any tenant of the Subject Property to remodel, or attempt to transfer title to the Subject Property without the express prior and written consent of the Chief, Asset Forfeiture Section, United States Attorneys' Office. Consent described in this subparagraph will not be unreasonably withheld.

(v) The United States and its authorized representatives have the right to enter, inspect, and/or appraise the Subject Property, including all buildings. All inspections will be conducted during daylight hours and after 24 hours' notice to claimant or her designated agent announcing such inspection.

7. If this judgment is not timely satisfied in accordance with paragraph 6, the Subject Property shall be sold for fair market value by the United States and its agents, including Internal Revenue Service-Criminal Investigation and its authorized agents and contractors, to allow the United States to liquidate the interest forfeited to it pursuant to this judgment. The United States has the full power to sell and transfer valid title to the entire Subject Property in connection with such sale, without the need to obtain the participation, signature(s), or consent(s) of Soheyla Naimi to any aspect of the sale and/or title transfer. The proceeds of the sale shall be distributed as follows:

a. First, payment of all outstanding real property taxes to the Los Angeles County Tax Collector to the date of

entry of this judgment;

     b. Second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Subject Property;

     c. Third, to the extent funds remain, payment to any secured lienholders, if any (excluding Soheyla Naimi), whose security interests were recorded prior to recording of the United States' Lis Pendens in this action;

     d. Fourth, to the extent funds remain, all such funds up to $514,140.00 shall be paid to the United States or one of its agencies as designated by counsel for the United States, and are hereby condemned and forfeited without further order of this Court. Internal Revenue Service-Criminal Investigation shall dispose of such funds in accordance with law;

     e. Fifth, to the extent funds remain, the balance of the proceeds to Soheyla Naimi.

    8. The Court retains jurisdiction over this case and the parties hereto to enforce the terms of this judgment.

    9. The clerk is hereby directed to enter this judgment, which constitutes a final judgment resolving this action. The government shall recover its costs as previously taxed by the clerk (docket number 118).

    10. No term of this judgment, including the fact that claimant has consented to the form of this judgment, shall be interpreted as a waiver by claimant of her right to appeal any

//
//
//

aspect of this matter (with the exception of the form of this judgment).

DATED: 2/10/11

_____
The Honorable Stephen V. Wilson
UNITED STATES DISTRICT JUDGE

Presented by:

ANDRÉ BIROTTE JR.
United States Attorney

By: _____/s/_____
    MONICA E. TAIT
    P. GREG PARHAM
    Assistant United States Attorneys

Attorneys for Plaintiff
United States of America